UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRIQUE ALMEIDA,[1]

    Plaintiff,

v.

Case No.: 22-10617
Hon. Gershwin A. Drain

CITY OF DETROIT,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [#13]

**I.    INTRODUCTION**

On March 23, 2022, Justin Almeida filed the instant action alleging that Defendant City of Detroit breached its statutory duty and was negligent in failing to maintain a highway over which it had jurisdiction causing Mr. Almeida to suffer severe injuries while riding a Bird scooter in the City.

Now before the Court is the Defendant's Motion to Dismiss, filed on September 7, 2022.  Defendant argues that Mr. Almeida executed a Rental

---

[1] On May 11, 2023, the Court entered the parties' stipulation to substitute as party plaintiff Henrique Almeida, Temporary Conservator of the Estate of Justin Almeida, in the place of and stead of Justin Almeida.  Accordingly, the Clerk of the Court is hereby ordered to amend the case caption in this matter to reflect said substitution.  *See* ECF No. 27.

Agreement, Waiver of Liability and Release when he took possession of and rode the Bird scooter. Defendant further asserts it is an intended third-party beneficiary of the Rental Agreement, Waiver of Liability and Release. Mr. Almeida filed a Response in Opposition on October 24, 2022, and Defendant filed its Reply in support of its Motion on November 7, 2022.

Upon review of the parties' submissions and the relevant authority, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies Defendant's Motion to Dismiss.

## II.  FACTUAL BACKGROUND

On or about August 29, 2021, Justin Almeida was riding an electric motorized Bird scooter at midnight when he hit a large pothole on eastbound W. Warren just before the intersection of Second Avenue in the City. ECF No. 1, PageID.2. The pothole was approximately 24 inches x 30 inches x 6 inches deep. *Id*. The pothole was located in a street designed for vehicular travel and began approximately 82 inches from the sidewalk. *Id.* at PageID.3-4.

Mr. Almeida sustained severe injuries to his entire body, including but not limited to, fracture to the base of his skull, traumatic brain injury, cognitive defects, facial paralysis, and injuries to his neck and right shoulder. ECF No.1,

PageID.4-5. He also suffers from balance issues, impaired motor coordination, depression, anxiety, and emotional dysregulation. ECF No.1, PageID.5. The injuries to Mr. Almeida are alleged to be continuing and permanent in nature. *Id*.

When creating an account to use the Bird scooter, Defendant argues Mr. Almeida assented to the Bird Rental Agreement, Waiver of Liability, and Release (hereinafter the "Agreement"), which purports to waive all claims against Defendant City of Detroit, an intended third-party beneficiary to the Agreement. The Waiver and Release Provision in Paragraph 15 of the Agreement states in relevant part:

> In exchange for Rider being allowed to use Services, Vehicles, and other equipment or related information provided by Operator, Rider agrees to fully release, indemnify, and hold harmless Operator . . . and to the fullest extent permitted by law any Municipality (including its elected and appointed officials, officers, employees, agents, contractors, and volunteers) in which Rider utilizes Services . . . from liability for all Claims arising out of or in any way related to Rider's use of the Services, Vehicles, App, or related equipment, including, but not limited to, those Claims based on Released Persons' alleged negligence, breach of contract, and/or breach of express or implied warranty, except for Claims based on Released Persons' gross negligence or willful misconduct. Such releases are intended to be general and complete releases of all Claims.

ECF No. 13, PageID.90.

Mr. Almeida purportedly entered into version 2 of the Agreement on November 8, 2019; however, the only version provided by Defendant was version 3, effective on July 6, 2020. On August 28, 2021, Defendant claims Mr. Almeida

entered into version 3 of the Agreement. ECF No. 13, PageID.77. Defendant does not indicate the manner within which Mr. Almeida agreed to the updated terms. However, in Defendant's affidavit, Ben Handozo, Group Project Manager for Bird, stated that, "[t] is also impossible for someone to ride a scooter once a new version of the Bird Rental Agreement is released without expressly agreeing to the Bird Rental in effect." *Id.*, PageID.145, PageID.147.[2]

In his Complaint, Mr. Almeida alleges the Defendant had a statutory duty under MICH. COMP. LAWS § 691.1402(1) to maintain a highway over which it had jurisdiction in reasonable repair so that it is reasonably safe and convenient for public travel. ECF No. 1, PageID.2. Section 691.1402(1) provides:

> A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

ECF No. 1, PageID.3. Mr. Almeida filed this action on March 23, 2022.

---

[2] The Court declines to rely on Mr. Handozo's affidavit because it is not referred to in the Complaint, nor central to the claims asserted therein and the parties do not quote extensively from it in their briefing. *Doe v. Ohio St. Univ.*, 219 F. Supp.3d 645, 653 (S.D. Ohio 2016) (citing *In re Fair. Fin. Co*., 834 F.3d 651, 656 n.1 (6th Cir. 2016)).

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B. Defendant's Motion to Dismiss

In support of its present motion, Defendant attached the Bird Rental Agreement, Waiver of Liability and Release. However, the Agreement is not referred to in the Complaint and it is not central to Mr. Almeida's claims.

Nonetheless, "if both parties reference and quote extensively from particular documents, and neither party contests the appropriateness of considering the documents on review of a motion to dismiss, the Court may consider the documents." *Doe v. Ohio St. Univ.*, 219 F. Supp.3d 645, 653 (S.D. Ohio 2016) (citing *In re Fair. Fin. Co.*, 834 F.3d 651, 656 n.1 (6th Cir. 2016)). In this case, the parties have quoted extensively from the Rental Agreement, Waiver of Liability and Release, and Plaintiff has not contested the appropriateness of considering it, therefore the Court will consider it for purposes of the instant motion.

Plaintiff argues Michigan's public policy set forth in MICH. COMP. LAWS § 691.1402(1) requiring Defendant to maintain highways in reasonable repair so they are reasonably safe and convenient for public travel precludes Defendant's ability to avoid liability as a third-party beneficiary to the Agreement. The Court agrees. Defendant's reliance on *Skotak v. Vic Tanny* is misplaced. 203 Mich App. 616, 617-618 (1994). The *Skotak* court held that "[i]t is not contrary to this state's public policy for a party to contract against liability for damages caused by its own ordinary negligence." *Id.* However, *Skotak* is not analogous. In *Skotak*, the violation of public policy was the release clause itself, not a violation of a statutory duty to ensure the safety of the public.

Under MICH. COMP. LAWS § 691.1402(1), there is both a statutory duty conferred upon Defendant and a statutory right of the Plaintiff to sue if a

7

municipality breaches its duty.  Defendant ignores the language of Paragraph 15, which authorizes the release and waiver only "to the fullest extent permitted by law."  Paragraph 15 states, in pertinent part (emphasis added):

> In exchange for Rider being allowed to use Services, Vehicles, and other equipment or related information provided by Operator, Rider agrees to fully release, indemnify, and hold harmless Operator . . . and **to the fullest extent permitted by law** any Municipality (including its elected and appointed officials, officers, employees, agents, contractors, and volunteers) in which Rider utilizes Services . . . .
>
> **To the fullest extent permitted by law**, this release and hold harmless agreement includes any and all Claims related to or arising from the sole or partial negligence of Operator, the Released Parties, any Municipality, or any other party.

ECF No. 13, PageID.90.

Defendant fails to provide any authority whereby a court allowed a party to rely on release language to escape liability based upon a violation of a statutory duty.  In *Calef v. West*, 252 Mich.App. 443, 453–54 (2002), the Michigan Court of Appeals found a lease clause purporting to negate the landlord's duty invalid.  Reviewing and quoting cases from other jurisdictions, the *Calef* court stated:

> We cite 6A Corbin, Contracts, § 1515, "Power to Waive or Bargain Away Rights and Defenses Conferred by Statute" p. 728, wherein that eminent authority said:
> "It is obvious that when a right, a privilege, or a defense is conferred upon an individual by the law, it is conferred upon him because it is believed to be in the public interest to do so. In many such cases it is believed to be contrary to the public interest to permit him to waive or to bargain away the right, privilege, or defense; and when it is so believed the attempted waiver or bargain is inoperative."

>In keeping with this philosophy, we hold that the attempted waiver or bargain here is inoperative as against public policy and therefore void.

*Id.*; *see also Feldman v. Stein Bldg. & Lumber Co.*, 6 Mich. App. 180, 184 (1967), overruled in part on other grounds, *Grossman v. Lambrecht*, 54 Mich. App. 641, 648-49 (1974)("[w]hile affirming the principle of freedom of contract, we note the well-settled rule that where freedom of contract and declared public policy are in conflict, the former necessarily must yield to the latter.").

Michigan Compiled Laws § 691.1402(1) imposes a duty upon a governmental unit, here the City of Detroit, to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." *Id.* This is a matter of public safety, a fundamental governmental concern, a clear expression of this State's public policy, and cannot be contracted away. Furthermore, that same statute specifically states that:

>A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

*Id.* This too is the public policy of the State of Michigan, and the statutory right to recover damages for the breach of the statutory duty cannot be contracted away. Defendant's cited authority addresses the scope of a post-injury settlement release and is not relevant to a purported preinjury waiver

in a third-party beneficiary contract. *See Shay v. Aldrich*, 487 Mich. 648 (2010); *Jachim v. Coussens*, 88 Mich. App. 648 (1979).

Finally, even if this Court were to conclude that Defendant is entitled to rely on the Agreement to absolve it from liability, the Court could not so find at this stage of the proceedings where questions of fact exist as to whether the parties entered into a valid contract. Neither the pleadings nor the Motion to Dismiss contain evidence concerning when Mr. Almeida first downloaded the Bird application onto his cellular phone, or whether the release terms were even presented to Mr. Almeida at that time. There is nothing in this record to establish just how this agreement was supposedly entered into and what was presented to the plaintiff. As such, the Court has no basis to conclude that Mr. Almeida agreed to the terms of the Agreement.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [#13] is DENIED.

The Clerk of the Court SHALL amend the case caption in this matter to reflect that Henrique Almeida is substituted as party plaintiff in the place of Justin Almeida.

SO ORDERED.

Dated: September 20, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 20, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager